Filed 5/5/22  In re Y.D. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re Y.D. et al., Persons Coming Under the Juvenile Court Law. | D080004 |
| SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY, Plaintiff and Respondent, v. R.D., Defendant and Appellant. | (Super. Ct. No. EJ4727A,B) |

APPEAL from orders of the Superior Court of San Diego County, Gary M. Bubis, Judge.  Reversed and remanded with directions.

Christine E. Johnson under appointment by the Court of Appeal, for Defendant and Appellant.

Lonnie J. Eldridge, County Counsel, Caitlin E. Rae, Chief Deputy County Counsel, and Lisa M. Maldonado, Deputy County Counsel, for Plaintiff and Respondent.

## INTRODUCTION

The San Diego County Health and Human Services Agency (Agency) concedes it did not comply with its inquiry duties under the federal Indian Child Welfare Act (25 U.S.C. § 1901 et seq.) (ICWA) and Welfare and Institutions Code[1] section 224.2.  And thus it agrees, the juvenile court erred in finding that reasonable inquiry had been made into the possible Indian ancestry of Y.D. and G.D. (the Children) and that ICWA did not apply, allowing the court to declare them dependents and removing them from their father, R.D. (Father).  On the record before us, we agree with the Agency's concession.   The parties have submitted a joint stipulation for issuance of an immediate remittitur pursuant to California Rules of Court, rule 8.272(c)(1). We will reverse the jurisdictional and dispositional orders and remand the matter with directions for the limited purpose of compliance with ICWA and section 224.2.

## FACTUAL AND PROCEDURAL BACKGROUND

In December 2021, the Agency filed dependency petitions for then one-year-old Y.D. and then one-month-old G.D..  At the detention hearing, Father's counsel informed the juvenile court that Father claimed Cherokee ancestry.  Father had no specific information but stated the paternal grandmother would have the most relevant information about such ancestry.

---

[1]    All undesignated statutory references are to the Welfare and Institutions Code.

The court found Father to be the Children's presumed father and that the Agency had made a prima facie showing in support of its petitions. It then detained the Children in out-of-home care.

In its jurisdiction and disposition report, the Agency stated it had been unable to conduct an ICWA inquiry because of the parents' minimal communication with the Agency. It noted that "the family denied any Native American/American Indian ancestry" in its prior child welfare investigations. The Agency further stated that ICWA "does or may apply." Mother had denied any Native American ancestry. The Agency's social worker had spoken with the paternal grandmother who reported that her family had Native American or Indian ancestry, but she did not know which tribe. The paternal grandmother gave the social worker the name and birth date of the paternal great-grandmother. The social worker had also spoken with the maternal grandmother, but apparently had not asked her about possible Indian ancestry. In its initial recommendations, the Agency recommended that the court find, among other things, that the Children may be Indian children and order the Agency to conduct further inquiry regarding their possible Indian ancestry.

In an addendum report, the Agency reported that its social worker had spoken with the maternal grandmother again, but apparently had not asked her about the Children's possible Indian ancestry. The Agency stated that it would continue to assess ICWA eligibility for the Children, noting that "[a]s of this time there is not anyone with known tribal enrollment." The Agency conducted no further inquiry into the matter.

At the February 2022 jurisdiction and disposition hearing, the juvenile court found the allegations in the dependency petitions to be true, declared the Children dependents of the court, removed them from the physical

custody of their parents, and placed them in a licensed foster home. The court further found that reasonable inquiry had been made regarding the Children's Indian ancestry and that ICWA did not apply to their dependency proceedings. Father timely appealed the court's jurisdictional and dispositional orders.[2]

DISCUSSION

ICWA provides: "In any involuntary proceeding in a State court, where the court knows or has reason to know that an Indian child is involved, the party seeking the foster care placement of, or termination of parental rights to, an Indian child shall notify the parent or Indian custodian and the Indian child's tribe" of the pending proceedings and their right to intervene. (25 U.S.C. § 1912(a); *In re Isaiah W.* (2016) 1 Cal.5th 1, 8.) California law also requires such notice. (§ 224.3, subd. (a) ["If the court [or] a social worker . . . knows or has reason to know . . . that an Indian child is involved, notice pursuant to [ICWA] shall be provided for hearings that may culminate in an order for foster care placement, termination of parental rights, preadoptive placement, or adoptive placement[.]"].)

Effective January 1, 2019, sections 224.2 and 224.3 were enacted, setting forth California's current ICWA inquiry and notice requirements for juvenile dependency cases. (Stats. 2018, ch. 833, §§ 5, 7.) Under sections 224.2 and 224.3, the Agency and the juvenile court are generally obligated to: (1) conduct an initial inquiry regarding whether there is a reason to believe the child is an Indian child; (2) if there is, then further inquire whether there is a reason to know the child is an Indian child; and (3) if there is, then

_____

[2] Mother did not appear at the jurisdiction and disposition hearing and did not appeal the jurisdictional and dispositional orders.

4

provide ICWA notice to allow the tribe to make a determination regarding the child's tribal membership. (See *In re D.S.* (2020) 46 Cal.App.5th 1041, 1048–1052; *In re Austin J.* (2020) 47 Cal.App.5th 870, 882–885.)

Specifically, section 224.2, subdivision (a), imposes on the juvenile court and the Agency "an affirmative and continuing duty to inquire whether a child for whom a petition under Section 300 . . . may be or has been filed, is or may be an Indian child[.]" Section 224.2, subdivision (b), establishes the duty of initial inquiry and it provides that:

> "If a child is placed into the temporary custody of [the Agency] . . . , [the Agency] . . . has a duty to inquire whether that child is an Indian child. Inquiry includes, but is not limited to, asking the child, parents, legal guardian, Indian custodian, extended family members, others who have an interest in the child, and the party reporting child abuse or neglect, whether the child is, or may be, an Indian child and where the child, the parents, or Indian custodian is domiciled."

Section 224.2, subdivision (e), imposes a duty of further inquiry where: "If the court [or] social worker . . . has reason to believe that an Indian child is involved in a proceeding, but does not have sufficient information to determine that there is reason to know that the child is an Indian child, the court [or] social worker . . . shall make further inquiry regarding the possible Indian status of the child, and shall make that inquiry as soon as practicable."

We review a juvenile court's findings that the Agency has made reasonable inquiries regarding a child's possible Indian ancestry under ICWA and that the Agency has complied with ICWA's notice requirements, or that no such notice is required, for substantial evidence. (*In re Charlotte V.* (2016) 6 Cal.App.5th 51, 57.) Here, the Agency concedes substantial evidence does not support the juvenile court's finding that the Agency complied with its

ICWA inquiry obligations under section 224.2. The Agency's concession is proper.

As the Agency acknowledges, the initial ICWA inquiry was deficient because the Agency failed to ask the maternal grandmother about the possibility of the Children's Indian ancestry, although she was twice interviewed. Father also contends that even though Mother denied any Indian ancestry, the Agency had a duty to, but did not, make reasonable efforts to locate or interview extended family members, including the maternal grandfather, maternal uncle, and other maternal relatives who may have information regarding the Children's possible Indian ancestry.

The Agency also acknowledges the paternal grandmother reported that her family had Native American or Indian ancestry and, although she did not know which tribe, she provided the name and birthdate of the paternal great-grandmother. The Agency did not ask whether the paternal great-grandmother was available to be contacted for further investigation of the Children's Indian ancestry, nor did it take reasonable steps to locate her with the information it was provided.

The Agency's duty to make an initial inquiry into the Children's possible Indian ancestry extends to "extended family members," which includes at least the maternal grandmother and paternal great-grandmother. (§ 224.2, subd. (b).) Moreover, once Father claimed Cherokee ancestry, the Agency had a reason to believe the Children were of possible Indian ancestry, triggering its duty to make further inquiry as soon as practicable. (§ 224.2, subd. (e).) The Agency concedes, and we agree, it failed to comply with both duties of initial and further inquiry in this case.

Father further argues, and the Agency does not dispute, that the juvenile court did not comply with its independent duties under section 224.2,

6

subdivision (c). Under that provision, "[a]t the first appearance in court of each party, the court *shall* ask each participant present in the hearing whether the participant knows or has reason to know that the child is an Indian child" and "[t]he court *shall* instruct the parties to inform the court if they subsequently receive information that provides reason to know the child is an Indian child." (§ 224.2, subd. (c), italics added.) The record establishes the court did not comply with either of its duty here.

Because substantial evidence does not support the juvenile court's findings that reasonable inquiry had been made into the Children's possible Indian Ancestry and ICWA did not apply, we reverse the jurisdictional and dispositional orders with a limited remand for the Agency and the court to comply with ICWA and section 224.2.

DISPOSITION

The jurisdictional and dispositional orders are reversed and the matter is remanded to the juvenile court with directions that the Agency and the court comply with their section 224.2 inquiry obligations and for further proceedings in accordance with the law. If, after compliance with section 224.2, the court finds that no ICWA notice is required to be given to any tribe, the original jurisdictional and dispositional orders shall be reinstated. However, if after such compliance with section 224.2 the Agency or the court finds that ICWA notice is required, the Agency shall comply with its ICWA notice obligations. The clerk of this court shall issue the remittitur forthwith. (Cal. Rules of Court, rule 8.272(c)(1).)

DO, J.

WE CONCUR:


McCONNELL, P. J.


DATO, J.

8